# IN THE COURT OF APPEALS OF IOWA

No. 18-2112
Filed March 6, 2019

**IN THE INTEREST OF O.C.-M.,**
**Minor Child,**

**D.C., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Colin J. Witt, District

Associate Judge.


        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Deborah L. Johnson of Deborah L. Johnson Law Office, P.C., Altoona, for

appellant father.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Paul White of Juvenile Public Defender, Des Moines, attorney and guardian

ad litem for minor child.


        Considered by Mullins, P.J., McDonald, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

The father appeals the termination of his parental rights to O.C.-M. He argues the district court should have established a guardianship rather than terminating his parental rights because termination is not in the best interests of the child and a relative's legal custody of the child precluded termination. Due to a no-contact order that remains in effect until 2023 and the child's need for permanency, we find termination is in the best interests of the child and there is nothing precluding termination.

## I. Background Facts and Proceedings

The Iowa Department of Human Services first became involved with this family at the time of O.C.-M.'s birth in July 2017 due to concerns the mother used drugs during the pregnancy. On or about December 5, the mother called police to report the father threatened to kill himself and O.C.-M. Police responded and discovered O.C.-M. with facial injuries. Two days later, the mother took O.C.-M. to the hospital with bruises on his face and abdomen, and he was diagnosed with skull fractures and hematoma. The father admitted to shaking O.C.-M. on December 5 and abusing various drugs. In addition, the mother reported the father has abused the child previously, including incidents when O.C.-M. was one month and four months old. On December 8, O.C.-M. was removed from his parents' care. Both parents were charged with felonies and no-contact orders were initiated. The no-contact orders remain in effect and are set to expire in 2023.

Originally, O.C.-M. was placed in foster care; however, his maternal grandfather intervened and custody was transferred to him and his partner in July 2018. On September 20, the State filed a petition to terminate parental rights. At

the November 7 hearing, both parents stipulated that the grounds for termination alleged under Iowa Code section 232.116(1)(h) (2018) existed, but they argued the district court should establish a guardianship with the maternal grandfather rather than terminate their parental rights. On November 26, the district court terminated both parents' parental rights. The father appeals.[1]

## II. Standard of Review

Our review of termination-of-parental-rights proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2002).

## III. Best Interests

The father argues termination is not in the best interests of the child.[2] He asserts he has participated in the case in "every way possible and has continued to express an ongoing love and affection for his son." The State asserts the father has failed to "discuss any of the statutory factors" and termination is in the best interests of the child because O.C.-M. is young and needs permanency. "In

---

[1] The mother initially appealed, but she voluntarily dismissed her appeal on December 17, 2018.

[2] At the termination hearing, the father stipulated to the ground for termination under Iowa Code section 232.116(1)(h). Moreover, on appeal, the father does not raise an argument that the ground was not met. Therefore, we need not consider this step. *See P.L.*, 778 N.W.2d at 40 (providing the court need not consider the existence of the grounds for termination under Iowa Code section 232.116(1) because the parent did not dispute the issue).

considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).  However, "we cannot deprive a child of permanency after the State has proved a ground for termination under [Iowa Code] section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *P.L.*, 778 N.W.2d at 41.

> In the termination ruling, the district court stated,

> While it may be true that [O.C.-M.] will be in his maternal grandfather's physical custody regardless of whether the court chooses to terminate parental rights or appoint the maternal grandfather as guardian, [O.C.-M.] deserves the stability that comes from being adopted by his maternal grandfather.  If the court chose not to terminate parental rights, [O.C.-M.]'s future placement would be unforeseeable (or at least less certain) for the next five years and potentially years beyond.

Because of the no-contact order, the father is unable to contact O.C.-M. until 2023.  Even after the order expires, there is no guarantee the father will be able to regain custody of the child.  We agree with the district court that termination is appropriate because having a permanent and stable home is in the best interests of the child.  *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the child's safety and need for a permanent home are the "defining elements" when determining the best interests of the child).

## IV. Preclusion of Termination

Next, the father argues the district court should have precluded termination under Iowa Code section 232.116(3)(a) because a relative had legal custody of

O.C.-M. He further asserts "[t]he court could have established [a] guardianship with [the] maternal grandfather instead of the harsh and final option of termination of parental rights." The State asserts the district court appropriately found nothing precludes termination and O.C.-M. "should not face the uncertainty of future guardianship proceedings."

Once the State has proved grounds for termination exist, the parent resisting termination bears the burden of proof to establish a permissive factor precludes termination under Iowa Code section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). Iowa Code section 232.116(3)(a) states a court may decline to terminate parental rights if "[a] relative has legal custody of the child." However, "[a]n appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child. The child's best interests always remain the first consideration." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). "[A] guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). As previously stated, with the no-contact order in effect, the father is unable to provide any care to O.C.-M. until 2023 and O.C.-M. deserves permanency. Therefore, we find the maternal grandfather's custody of the child does not preclude termination.

## V. Conclusion

We conclude termination is in the best interests of the child and the relative's legal custody of the child does not preclude termination.

**AFFIRMED.**